Jaqoline Linda TEWUH;  Franky
Dammy Sigar, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 06–70910.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2009.*

Filed March 26, 2009.

Kaaren L. Barr, Esq., Seattle, WA, for
Petitioners.

Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel, Department of
Homeland Security, San Francisco, CA,
WWS–District Counsel, Immigration and
Naturalization Service, Office of the Dis-
trict Counsel, Seattle, WA, Karen Stewart
Fax, U.S. Department of Justice, Civil
Div./Office of Immigration Lit., Washing-
ton, DC, for Respondent.

Before:  LEAVY, HAWKINS, and
TASHIMA, Circuit Judges.

* The panel unanimously finds this case suitable
for decision without oral argument.  *See* Fed.

R.App. P. 34(a)(2).

MEMORANDUM **

Jaqoline Linda Tewuh and her husband, natives and citizens of Indonesia, petition for review of a Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

The agency denied Tewuh's asylum claim as time-barred. Tewuh does not challenge this finding in her opening brief.

Substantial evidence supports the agency's finding that Tewuh's experiences did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003). In addition, substantial evidence supports the agency's conclusion that Tewuh failed to establish a clear probability of persecution because she did not demonstrate sufficient individualized risk, *cf. Sael v. Ashcroft*, 386 F.3d 922, 927–28 (9th Cir.2004), and because Tewuh has family who remain in Indonesia and practice Christianity without harm, *see Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001). Lastly, the record does not compel the conclusion that Tewuh has demonstrated a pattern or practice of persecution of Christians in Indonesia. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc). Accordingly, Tewuh's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Tewuh failed to show that it is more likely than not she will be tortured if she returns to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

